IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>TIMBERSMITH, INC., a Utah corporation, GEORGE FLEMING, an individual, and JANIS FLEMING, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:12-cv-00786<br><br>Judge Clark Waddoups |
| TIMBERSMITH, INC., a Utah corporation, GEORGE FLEMING, an individual, and JANIS FLEMING, an individual,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>THE CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation,<br><br>Third-Party Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiff's Motion for Default Judgment Against Defendant Timbersmith, Inc. ("Timbersmith"). (Dkt. No. 33.) After carefully reviewing the parties' filings and relevant legal authorities, this court GRANTS in part and DENIES in part Plaintiff's Motion for the reasons stated below.

## II. BACKGROUND

George and Janis Fleming entered into a contract with Timbersmith for the construction of a single-family residence on January 9, 2008. The Flemings filed a claim in arbitration against Timbersmith for breach of contract on January 29, 2010. Timbersmith failed to contest the arbitration, which resulted in the entry of Summary Judgment in favor of the Flemings in the amount of $1,109,642.50. An order confirming the award and entering a final judgment against Timbersmith was issued on December 7, 2011. Timbersmith filed for bankruptcy on April 1, 2010 and was granted a discharge under Chapter 7 of the Bankruptcy Code on February 1, 2011.

Timbersmith is insured under a commercial liability policy issued by Auto-Owners Insurance Company ("Auto-Owners") for coverage between September 6, 2007 and September 6, 2008. Auto-Owners filed this suit seeking a declaratory judgment that it has no obligation to defend or indemnify Timbersmith for the claims made by the Flemings and also that it owes no obligations of payment to the Flemings.[1] The Flemings filed a counterclaim for declaratory relief that Timbersmith's insurance policy with Auto-Owners provides coverage for their claims against Timbersmith and obliges Auto-Owners to pay the arbitration award and final judgment. (Dkt. No. 14.) Auto-Owners now moves the court for an entry of default and a default judgment against Timbersmith for its failure to file an Answer in this case.

## III. ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Affidavit of Scott Higley in Support of Plaintiff's

---

[1] The Flemings question the propriety of Auto-Owners joining Timbersmith as a Defendant in this lawsuit because the company is no longer in business; however, "[d]issolution of a corporation does not . . . prevent commencement of a proceeding by or against the corporation in its corporate name." *Utah Code Ann.* § 16-10a-1405(2)(e) (2014).

Motion for Default Judgment (Dkt. No. 36, Ex. A), together with the record in this action, demonstrate that Timbersmith has failed to file an Answer or otherwise respond to Auto-Owner's Complaint (Dkt. No. 13). Entry of default against Timbersmith is therefore appropriate.

However, Rule 54(b) of the Federal Rules of Civil Procedure precludes a court from directing "entry of a final judgment as to one or more, but fewer than all . . . parties" unless "the court expressly determines that there is no just reason for delay." "[S]uch a determination cannot be made where the entry of a default judgment creates a risk of inconsistent judgment against the remaining defendants." *United States v. Parry Farms, LLC*, No. 2:11-cv-0831-CW, 2012 U.S. Dist. LEXIS 15176, at *2 (D. Utah Feb. 6, 2012) (citing *Hunt v. Inter-globe Energy, Inc.*, 770 F.2d 145 (10th Cir. 1985)). Consequently, default judgment is not appropriate where defendants are jointly and severally liable, *see Frow v. De La Vega*, 82 U.S. 552, 554 (1872), and "in situations where multiple defendants have closely related defenses." *Wilcox v. Raintree Inns of Am., Inc.*, No. 94-1050, 1996 U.S. App. LEXIS 1501, at *8 (10th Cir. Feb. 2, 1996).

Defendants in this case are similarly situated; resolution of Auto Owner's claims against Timbersmith and the Flemings turns on whether the insurance policy mandates coverage. A default judgment that Auto-Owners has no obligation to indemnify Timbersmith creates the risk of an inconsistent judgment with regard to the Flemings, who assert a counterclaim for declaratory relief that the insurance policy requires Auto-Owners to pay the arbitration award. Such risk prevents the court from making the Rule 54(b) determination that there is no just cause for delay. Therefore, the court will not enter a default judgment against Timbersmith at this time.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Plaintiff's Motion for Default Judgment. The Clerk of the Court is directed to enter a Certificate of Default against Defendant Timbersmith. The Motion for entry of a Default Judgment, however, is DENIED.

SO ORDERED this 30th day of May, 2014.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge